IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STANLEY L. HERRING,<br><br>Plaintiff,<br><br>v.<br><br>FAYETTE COUNTY PRISON, SERGEANT FISHER, LIEUTENANT BOB, *and* WARDEN LANKEY,<br><br>Defendants. | ) | No. 2:25-cv-1155<br><br>District Judge Robert J. Colville<br>Magistrate Judge Maureen P. Kelly |

**ORDER OF COURT**

Currently pending before the Court is the Report and Recommendation (ECF No. 18) filed by the Honorable Maureen P. Kelly in the above-captioned matter. Judge Kelly's August 19, 2026, Report and Recommendation recommends that the Court dismiss this case *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B) as frivolous, malicious, or failing to state a claim upon which relief may be granted. Objections to the Report and Recommendation were due by September 8, 2026. No objections were filed, and the Court considers this matter to be ripe for disposition. The Court finds the Report and Recommendation of Judge Kelly to be well-reasoned and therefore will adopt them.

"The Federal Magistrates Act provides two separate standards of judicial review of orders on matters referred to magistrate judges." *Alarmax Distributors, Inc. v. Honeywell Int'l Inc.*, No. 2:14-cv-1527, 2015 WL 12756857, at *1 (W.D. Pa. Nov. 24, 2015) (citing 28 U.S.C. § 636(b)(1)). A district court reviews objections to a magistrate judge's decision on non-dispositive matters to determine whether any part of the order is clearly erroneous or contrary to law. 28 U.S.C. §

636(b)(1)(A); Fed. R. Civ. P. 72(a). "This standard requires the District Court to review findings of fact for clear error and to review matters of law de novo." *Equal Employment Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (citing *Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 91 (3d Cir. 1992)). A district court may only modify or set aside those parts of the order on non-dispositive matters that it finds to be clearly erroneous or contrary to law. *Id.* "A finding is 'clearly erroneous' when, 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Pennsylvania, Dep't of Envtl. Prot. v. Allegheny Energy, Inc.*, No. 2:05-cv-885, 2007 WL 2253554, at *1 (W.D. Pa. Aug. 3, 2007) (quoting *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985)). "A magistrate judge's order is contrary to law 'when the magistrate judge has misinterpreted or misapplied the applicable law.'" *Brandon v. Burkhart*, No. 1:16-cv-177, 2020 WL 85494, at *2 (W.D. Pa. Jan. 7, 2020) (quoting *Doe v. Hartford Life & Accident Ins. Co.*, 237 F.R.D. 545, 548 (D.N.J. 2006)).

Objections to a magistrate judge's disposition of a dispositive matter are subject to de novo review before the district judge. 28 U.S.C. § 636(b)(1)(B)-(C); Fed. R. Civ. P. 72(b)(3). The reviewing district court must make a de novo determination of those portions of the magistrate judge's report and recommendation to which objections are made. *Id.* Following de novo review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). The United States Court of Appeals for the Third Circuit has explained that, "even absent objections to the report and recommendation, a district court should 'afford some level of review to dispositive legal issues raised by the report,'" and has "described this level of review as

'reasoned consideration.'" *Equal Employment Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (quoting *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987)).

Here, the Court agrees that Plaintiff has failed to state a viable claim, and in particular, that he has failed to state a claim that would allow for the remedy that he seeks. *See Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012) (setting forth elements for an Eighth Amendment failure to protect claim); *see also* 42 U.S.C. § 1997e(e) (explaining that a federal inmate cannot maintain an action for damages "for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act"). Therefore, upon reasoned consideration of Judge Kelly's Report and Recommendation, and following review of all relevant docket entries, it is hereby ORDERED as follows:

The Court agrees with the thorough and well-reasoned analysis set forth in Judge Kelly's Report and Recommendation, and the Court accepts and adopts Judge Kelly's Report and Recommendation in its entirety as the opinion of the Court with respect to this case. Plaintiff's Complaint (ECF No. 7) is dismissed, *sua sponte*, pursuant to 28 U.S.C. § 1915(e)(2)(b) as frivolous, malicious, or failing to state a claim upon which relief may be granted. To the extent that Plaintiff raises claims for damages on his own behalf with respect the allegations herein, dismissal is with prejudice. Similarly, to the extent that Plaintiff brings claims pursuant to the Prison Rape Elimination Act of 2003, 34 U.S.C. §§ 30301-30309, such claims are also dismissed with prejudice. To the extent that Plaintiff attempts to state claims based on injuries suffered by other inmates, dismissal is with prejudice to refiling by Plaintiff, but without prejudice as to the third party proceeding in vindicating their own rights via a separate lawsuit.

BY THE COURT:

/s/*Robert J. Colville*
Robert J. Colville
United States District Judge

DATED: October 28, 2026

cc:

Stanley Herring
QR-0631
SCI Greene
169 Progress Drive
Waynesburg, PA 15370